GUILLERMO GARÁU, Plaintiff and Appellee, *v.* FLORA DELGADO, Defendant; DOMINGO COLLAZO, Intervener and Appellant.

No. 6040. Argued May 16, 1933.—Decided February 24, 1934.

*Pedro C. Anglade* for appellant.   *Luis F. Camacho* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

This is a case where the parties did not appear at the hearing and the appellee has filed no brief.   Hence, in answering the contentions of the appellant the labor of this court is increased.

The plaintiff, Guillermo Garáu, filed a suit against Flora. Delgado.   To secure the effectiveness of the judgment he attached certain cattle on a piece of property of which, as cannot be questioned from the evidence, the defendant, Flora Delgado, up to the time of the attachment was in possession. Up to a short time before, she clearly had the title to the animals.   When the marshal attempted to take charge of the attached property on the 28th of June, 1929, Domingo Collazo alleged that the property was his, inasmuch as it had been sold to him three days before the attachment.   The bill of sale by which the transfer was made was offered in evidence. After the trial on the right of property the court decided in favor of the creditor and against the intervener.

The court came to no definite conclusions of fact, but held in effect that Domingo Collazo had failed to prove title in himself.

Among other things, it transpired that the court said that the evidence was conflicting as to whether the intervener, Domingo Collazo, was purchasing on account of himself or on account of Enrique Sued.   The finding of the court was equivalent to saying that, if there was a transfer from Flora Delgado, the burden of the proof was to show title in Sued. Under these circumstances, the court thought that Domingo Collazo had no standing in court.

However, the court evidently questioned whether Flora Delgado in reality or in law had ever parted with the title to the animals attached.

The complaint in intervention alleged that the cattle had been paid for by Collazo by a check against the Banco Territorial y Agrícola de Puerto Rico, Guayama Branch, issued to the order of Flora Delgado. The answer of the creditor denied the fact of the sale and that the check delivered to the attorney-in-fact of Flora Delgado had any true value. The court seriously doubted after analyzing the evidence, that the check represented a real transaction. The appellant maintains that the answer of the creditor was insufficient to deny the delivery of a consideration and that the court erred in considering it. We are of the opinion that the answer is not very well drawn as to this point, but it more or less attempted to meet the direct averments of the complaint. Therefore, if the court in its general consideration was justified in believing that Domingo Collazo did not prove his title, the error is unimportant and unprejudicial.

When property is attached in the hands of a supposed debtor and a third person comes in claiming the same, the burden is on this person to establish title to the attached property. The creditor makes out a prima facie case when he attaches property in possession of the debtor.

The appellant also criticizes some of the comments in the opinion of the court to the effect that it was not shown what disposition Flora Delgado made of the money supposed to be received by her from the Banco Territorial y Agrícola. The check was actually cashed.

Without entering into all the considerations of the brief of the appellant and the reasoning of the court below, our final conclusion is that the title never passed from Flora Delgado to Domingo Collazo or to anybody else.

When the property was attached it was in possession of the debtor. Section 1264 of the Civil Code is as follows:

"Contracts by virtue of which the debtor alienates property, for a good consideration, are presumed to be executed in fraud of creditors.

"Alienations for valuable considerations, made by persons against whom a condemnatory judgment, in any instance, has been previously rendered, or a writ of seizure of property has been issued, shall also be presumed fraudulent."

The attachment in this case at least took place before the supposed sale had been consummated by a transfer of the property. Of course, in some cases a debtor is allowed to retain the property and the purchaser can prove his title, as in *Central Pasto Viejo* v. *A. Pérez & Hno.*, 44 P.R.R. 879. That case, however, points the exception and recognizes that there is a presumption of fraud when the debtor is allowed to retain possession of the property supposed to be purchased.

The evidence in this case tended to show that Flora Delgado not only was in possession of the cattle at the time of the attachment but was allowed to retain possession for a considerable time thereafter, under a sharing of profits.

Under the circumstances of the case, we think it was incumbent upon the intervener to present a stronger proof of title. Flora Delgado was not put on the witness stand, and the following presumption contained in section 102 of the Law of Evidence is applicable:

" . . . . . . . . . . .

"5. That evidence willfully suppressed would be adverse if produced."

She could readily have explained what she did with the money or given other testimony.

Both because the intervener failed satisfactorily to show that Flora Delgado parted with the title to the property, and even if there was a transfer, the intervener did not acquire title, the judgment appealed from will be affirmed.